IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELDEN KAPENA LIU,               )<br>                                              )<br>          Plaintiff,                    )<br>                                              )<br>     vs.                                     )<br>                                              )<br>WELLS FARGO HOME MORTGAGE )<br>INC., ET AL.,                            )<br>                                              )<br>          Defendants.              )<br>_____ ) | CIVIL NO. 10-00324 JMS/KSC<br><br>ORDER DENYING<br>DEFENDANT'S MOTION TO<br>STRIKE AND GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS |

**<u>ORDER DENYING DEFENDANT'S MOTION TO STRIKE
AND GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

**I.  <u>INTRODUCTION</u>**

Plaintiff Elden Kapena Liu ("Plaintiff"), proceeding *pro se*, filed a 136-page initial Complaint on June 8, 2010, along with a Motion for Temporary Restraining Order ("TRO") apparently seeking, among other things, to enjoin ongoing or imminent foreclosure proceedings.  After the Motion for TRO was denied and the initial Complaint was dismissed, Plaintiff (through an individual who is not authorized to practice law in this jurisdiction) filed an Amended Complaint on July 8, 2010.  That Amended Complaint, however, was struck because it was filed by the unauthorized representative.  Accordingly, on August 2, 2010, Plaintiff filed a "Third [Amended] Complaint."

On August 31, 2010 Defendant Wells Fargo Home Mortgage, Inc. ("Defendant" or "Wells Fargo") filed a Motion to Dismiss the Third [Amended] Complaint, in lieu of filing an Answer.  On October 8, 2010, Plaintiff filed a document entitled "Plaintiff[']s Affidavit of Truth and Opposition to Defendant[] Wells Fargo Home Mortgage, Inc.'s Motion to Dismiss" (which the court treats as Plaintiff's Memorandum in Opposition to the Motion to Dismiss).  On October 25, 2010, Defendant filed its Reply, along with a Motion to Strike Plaintiff's Affidavit of Truth and Opposition.  The court has deemed the matters suitable for decision without an oral hearing under Local Rule 7.2(d).  For the following reasons, the court (1) DENIES the Motion to Strike [Doc. No. 23], and (2) GRANTS the Motion to Dismiss [Doc. No. 13] without prejudice.

## II.  BACKGROUND

The allegations of Plaintiff's Third Amended Complaint are confusing.  Apparently invoking the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq., Plaintiff makes numerous factual allegations based on alleged violations of the Uniform Commercial Code.  Paragraphs 6 and 7 of the Third Amended Complaint, for example, state:

> 6. . . .  Plaintiff paid of (sic) his previous loan with Northwest Mortgage enticed by the rates and offers of lower percentages

> by the Defendant's agent[.] In the receipt certificate it stated that his previous loan was paid in full, June 10th 2003[.]
>
> 7. Plaintiff' (sic) discovered . . . that he should have had his note returned to him because the note after all is the plaintiff's asset and personal property, when he contacted the Defendants (sic) agent to inquire about getting his note back he was ignored and Defendants (sic) agent would not disclose any information concerning his own Account[.] Plaintiff' (sic) Wanted his note back and pursuant to UCC 3-306 Plaintiff' (sic) has a claim to the instrument.

As best the court can glean from the Third Amended Complaint as a whole, it appears that Plaintiff entered into a refinancing mortgage/loan agreement on June 4, 2003 with Defendant through its employee or broker Edgar Tesoro. Third Am. Compl. at 2. A mortgage was recorded on June 10, 2003. *Id.* At some point around January 26, 2010, Plaintiff "discovered that he may be a victim of mortgage fraud[.]" *Id.* at 4. Plaintiff "started his own investigation into the matter and made the discovery's (sic) herein, Defendant did not respond to the RESPA request sent by certified mail[.]" *Id.* At some point after that, "Plaintiff's (sic) decided to rescind or cancel the loan[.] Defendant did in fact give a response to the rescission [by rejecting it.]" *Id.*, Pl.'s Exs. G & H.[1]

---

[1] Plaintiff attached a five-page affidavit and several exhibits to the Third Amended Complaint containing some factual details. Among other things, the affidavit indicates certain information was not disclosed, constituting "a (TILA) violation." Liu Aff. (July 31, 2010) at 2. "[A] court may consider material which is properly submitted as part of the complaint on a
(continued...)

The Third Amended Complaint also cites or invokes, among other statutes, various sections of TILA; RESPA; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and Hawaii Revised Statutes chapter 480. *See* Third Am. Compl. ¶¶ 5, 16 & 30.

Interspersed with these factual allegations and statutory citations, however, are a variety of confusing and unrelated allegations based, again, primarily on different sections of the Uniform Commercial Code. *See, e.g.*, Third Am. Compl. ¶ 8 ("Defendant has two of plaintiff's assets as collateral and the plaintiff has right to his assets pursuant to UCC 4(a), 104C it says the Originator is the sender of the first funds transfer, Plaintiff' (sic) is the first funds transfer, UCC 3-105 A and C subsection A explains about the issue and C explains the issuer, It defines the issuer as the transfer of the first fund transfer, which is the drawer and the maker[.]"), *and* ¶ 9 ("Upon information and belief UCC 8-102 (12), (15) and (9) that defined what an entitlement holder is, UCC 8-105 that says we are identified as the person with securities and entitlement right on the books of a

---

[1](...continued)
motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation and internal quotation marks omitted). Even considering, however, the allegations in Plaintiff's July 31, 2010 Affidavit (and exhibits attached to that Affidavit), the allegations of the Third Amended Complaint are not clear enough to satisfy either Rule 8 or 12(b)(6) of the Federal Rules of Civil Procedure.


banking intermediary, Intermediaries under article 8.").

The Third Amended Complaint seeks a declaratory judgment "pursuant to UCC Section 2-609 Right to Adequate Assurance of Due performance, Default of loan, Fraud of inducement, and UCC 4 (a), 104 C[.]" *Id.* ¶ 30. It alleges "Defendant has numerous violations of State and Federal law RESPA, TILA, UCC, Selling a (sic) unregistered Securities, violations of securities exchange Act of 1933-34 section 11, section 12(2) Section 17(a) Section 24, and securites and Exchange Act of 1994 Section 10(b) Rule 10b-5 Section 18(a) Section 32(a) FCPA, numerous others which will be proven at trial[.]" *Id.* As requested relief, Plaintiffs seek a declaratory judgment that "the Right to Adequate Assurance of Due performance was not performed, Default of loan, Fraud of inducement and are unenforceable" as well as "sett (sic) off and recouptment (sic) refunded of all payments and rights to proceeds." *Id.* ¶ 31.

### III.  STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure.  *Id.* at 1950.

Because Plaintiff is proceeding *pro se*, the court liberally construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969), and indicating dismissal may be made *sua sponte*)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by

defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

## IV.  **DISCUSSION**

Defendant argues that the Third Amended Complaint fails to satisfy Rule 8 and fails to give it notice of any wrongs allegedly committed against Plaintiff. Def.'s Mot. at 2. The court agrees that the Third Amended Complaint is confusing, rambling, and -- at times -- nonsensical. Factual assertions are intermingled with, so far as the court can tell, inapplicable references to the Uniform Commercial Code with little coherent explanation as to their purpose. As Defendant asserts in its Motion, there is no comprehensible statement in the Third Amended Complaint itself as to how many of the various cited statutes or regulations have been violated, nor how they would provide a private cause of action. Moreover, some of the allegations appear to assert fraud, without the necessary level of particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure. *See* Third Am. Compl. ¶ 15 ("I am a victim of mortgage fraud,

8

fraud in fact um (sic) or fraud inducement See Exhibit I / the note provide me shows no assignment or stamp of deposit"); Fed. R. Civ. P. 9(b) (requiring fraud to be pled with particularity).  There are no clear allegations of what was fraudulent, when the fraud occurred, or how Plaintiff was damaged.

In various parts of his Memorandum in Opposition (his "Affidavit of Truth and Opposition" or "Affidavit"), Plaintiff makes a better attempt to explain his causes of action.  His Affidavit indicates that he and his wife signed a note with Defendant on June 4, 2003.  Liu Aff. (Oct. 8, 2010) ¶ 11.  In January 2010, he "discovered that they were never given full disclosure and became suspicious that [Defendant] were (sic) not dealing fairly with [Plaintiff]." *Id.* ¶ 12.  He explains that on January 26, 2010, he "decided to question [Defendant] [by sending a] notice and demand for full disclosure . . . including TILA Request and RESPA complaint Dispute and validation of debt, With Declaration of Rescission of signature[.]" *Id.* ¶ 13.  After "deception of rescission and the failure to respond . . . [Plaintiff] found overcharges and hidden undisclosed charges by the broker Edgar Tesoro the appointed Account manager for [Defendant]." *Id.* ¶ 14.  "[Plaintiff] was never given disclosure of right to cancel and notification of rescission[.]" *Id.* ¶ 15.  "[D]efendant failed to disclose to [Plaintiff] the true nature of the alleged loan process[.]" *Id.* ¶ 17.  The Affidavit continues:

> Edgar Tesoro and [D]efendant never disclosed to [Plaintiff] that what was being created was not a loan mortgage contract, but a investment contract and Edgar Tesoro did not disclose to [Plaintiff] that he was not my broker but he was [Defendant's] broker, Edgar Tesoro charged me a brokers fee on the mortgage contract he gave no notice to rescind the contract and he did not put the brokers fees on the closing papers or closing statement [D]efendant must assume their own liability.

*Id.* ¶ 19.

The facts and explanation in the Affidavit, however, are not clearly set forth, if at all, in the Third Amended Complaint. The court cannot use the contents of the Affidavit at this stage of the action to address the allegations of the Third Amended Complaint on their merits. The general rule is that in deciding a Rule 12(b)(6) motion to dismiss, "[r]eview is limited to the complaint; evidence outside the pleadings cannot normally be considered." *Trs. of Estate of Bishop v. Brewer Envtl. Indus.*, 2009 WL 1544581, at *8 n.5 (D. Haw. June 2, 2009) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). The court cannot, without converting the proceedings into a motion for summary judgment, consider Plaintiff's Affidavit as evidence in opposition to the Motion to Dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

In this regard, Defendants have filed a Motion to Strike, asserting that the Affidavit contains inadmissible hearsay and unsubstantiated opinion testimony. In an exercise of discretion, however, the court will DENY the Motion to Strike

[Doc. No. 23]. The court will not treat the Affidavit, and the arguments contained within in it, as factual assertions in the Third Amended Complaint, nor as evidence in a motion-for-summary-judgment context. It will, however, consider the Affidavit as argument by a *pro se* litigant in opposition to the Motion to Dismiss. That is, given Plaintiff's *pro se* status, the court treats the Affidavit as an indication of the type of factual allegations that could have been asserted in the Third Amended Complaint (and which might be alleged in a further amended complaint).[2]

    Accordingly, the court concludes that the Third Amended Complaint fails to state a claim under Rule 12(b)(6) and fails to satisfy Rules 8 and 9(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Hearns*, 530 F.3d at 1131. It fails to provide sufficient notice to Defendant as to any alleged wrongdoing, *see, e.g.*, *McHenry*, 84 F.3d at 1180, and fails to provide a "short and plain statement of the

---

[2] Defendant has argued, for the first time in its Reply, that any TILA or RESPA claims are barred by respective statutes of limitation. *See* 15 U.S.C. § 1640(e) (providing that the TILA claim for damages must be commenced within one year of the date of the occurrence of the violation); 12 U.S.C. § 2614 (indicating a claim pursuant to § 2607 of RESPA must be brought within one year "from the date of occurrence of the violation"). These arguments are premature. It is not entirely clear that Plaintiff is asserting claims for damages or rescission in this action. It is also not clear whether a claim for equitable tolling is being asserted. *See, e.g.*, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining equitable tolling doctrine as to § 1640(e)). In any event, the court generally does not consider arguments first raised in a reply brief. *See, e.g.*, *Hi-Tech Rockfall Const., Inc. v. Cnty. of Maui*, 2009 WL 529096, at *18 n.9 (D. Haw. Feb. 26, 2009) ("Local Rule 7.4 provides that '[a]ny arguments raised for the first time in the reply shall be disregarded.'"); *Coos Cnty. v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief).

claim," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The court GRANTS the Motion to Dismiss.

Nevertheless, considering Plaintiff's Memorandum in Opposition (the "Affidavit of Truth" of October 8, 2010), the court cannot find at this stage that further amendment would be futile. *See Lucas,* 66 F.3d at 248. The court therefore dismisses the Third Amended Complaint without prejudice and with further leave to amend. If desired, Plaintiff will have a final opportunity to state claims upon which relief can be granted.[3]

If Plaintiff chooses to file a Fourth Amended Complaint, he must make basic factual allegations in sufficient detail to state a "plausible" claim, and then clearly set forth separate counts for each cause of action. That is, the Fourth Amended Complaint must (1) comply with Rule 8's requirement of "simple, concise, and direct" factual allegations, and (2) contain a basis for federal subject matter jurisdiction. A Fourth Amended Complaint:

> (1) must clearly state how Defendant has injured Plaintiff, or how the court can provide relief against Defendant. In other words, Plaintiff should explain, in clear and concise allegations, what Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action;

---

[3] Although Plaintiff has filed two amended Complaints, the court recognizes that one of the prior versions was not necessarily dismissed because of a failure to state a claim, but rather, because it was filed by a non-licensed individual listed on the caption as an attorney of record.

  (2) must clearly state the relief sought and how there is basis for a claim in federal court. In other words, Plaintiff must explain the basis of this court's jurisdiction; and

  (3) must (if a claim alleges fraud) state with "particularity the circumstances constituting fraud" as required by Rule 9(b) of the Federal Rules of Civil Procedure (*e.g.*, what was fraudulent, when it occurred, and how it was fraudulent).

Plaintiff is also notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). That is, the Fourth Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

Plaintiff may file a Fourth Amended Complaint attempting to cure the deficiencies by December 14, 2010. If no Fourth Amended Complaint is filed by that date, the action will be dismissed and Judgment will enter against Plaintiff.

## V. **CONCLUSION**

Accordingly, Defendant Wells Fargo Home Mortgage, Inc.'s Motion to Strike Plaintiff's Affidavit of Truth and Opposition [Doc. No. 23] is DENIED. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [Doc. No. 13] is GRANTED. The dismissal, however, is with leave to amend. Plaintiff may file a Fourth Amended Complaint attempting to cure the deficiencies by December 14, 2010. If no further Amended Complaint is filed by that date, the action will be

dismissed and Judgment will enter against Plaintiffs.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, November 24, 2010.



            /s/ J. Michael Seabright
            _____
            J. Michael Seabright
            United States District Judge

*Liu v. Wells Fargo Home Mortg. Inc.*, *et al.*, Civ. No. 10-00324 JMS/KSC, Order Denying Defendant's Motion to Strike and Granting Defendant's Motion to Dismiss