IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ELDEN KAPENA LIU, | ) | CIVIL NO. 10-00324 JMS/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO |
| vs. | ) ) | DISMISS FOURTH AMENDED COMPLAINT, AND |
| WELLS FARGO HOME MORTGAGE INC., ET AL., | ) ) ) | TERMINATING ACTION |
| Defendants. | ) ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT, AND TERMINATING ACTION

### I. INTRODUCTION

This is an action seeking recovery for failure to provide certain disclosures arising out of a June 4, 2003 mortgage transaction regarding property located at 75 Ululani Street, Kula, Hawaii. Plaintiff Elden Kapena Liu ("Plaintiff"), proceeding *pro se*, filed a Fourth Amended Complaint on December 14, 2010, after this court had dismissed a prior version of Plaintiff's Complaint by an Order dated November 24, 2010. Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Home Mortgage of Hawaii, LLC (together "Wells Fargo"), and

Edgar Tesoro ("Tesoro")[1] now move to dismiss the Fourth Amended Complaint for failure to state a claim. Plaintiff has not filed an Opposition to the Motion.

Plaintiff has had at least three opportunities to state valid claims. The court has dismissed two versions of the Complaint with leave to amend.[2] On each occasion, Plaintiff failed to state a valid claim and failed to articulate a proper basis of federal jurisdiction. Indeed, the attempted causes of action (as unclear as they have been) appear to have changed with each version of the Complaint. In the court's November 24, 2010 Order Granting Defendants' Motion to Dismiss the Third Amended Complaint, the court granted leave to amend but indicated it was giving Plaintiff a "final opportunity to state claims upon which relief can be granted." Doc. No. 33 at 12. As explained below, Plaintiff's Fourth Amended Complaint has again failed to cure deficiencies.

Accordingly, Defendants' Motion to Dismiss is GRANTED. The federal claim is dismissed with prejudice. The court declines to assert jurisdiction over the remaining supplemental state law claims, and those claims are dismissed without prejudice. The Fourth Amended Complaint is dismissed. The Clerk of

---

[1] Wells Fargo and Tesoro are referred to collectively as "Defendants."

[2] On July 9, 2010, the court also struck a version of a (Second Amended) Complaint because it was filed by a non-licensed individual listed on the caption as an attorney of record. Doc. No. 9.

Court shall terminate this action.

## II. BACKGROUND

### A. Prior Versions of the Complaint

Plaintiff began this action on June 8, 2010 with a lengthy, largely nonsensical Complaint that "fail[ed] to provide in any comprehensible manner the facts supporting [Plaintiff's] claims." Doc. No. 7 at 6. The court dismissed the original Complaint with leave to amend. Also on June 8, 2010, Plaintiff filed a Motion for Temporary Restraining Order ("TRO"), which apparently sought, among other things, to enjoin unspecified foreclosure proceedings. The court denied the Motion for TRO without prejudice because, among other reasons, the Motion failed to discuss the facts "such that the court could even begin to make a reasoned decision." *Id.* at 4.

After an Amended Complaint was struck, Plaintiff filed a Third Amended Complaint on August 2, 2010. The allegations of the Third Amended Complaint were confusing, although it appeared that it could have been invoking the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* It described a June 4, 2003 refinancing transaction with Wells Fargo through its Maui employee or broker Tesoro. Doc. No. 10 at 2. It indicated that around January 26, 2010,

Plaintiff "discovered that he may be a victim of mortgage fraud[.]" *Id.* at 4. Plaintiff investigated and "Defendant did not respond to [a] RESPA request . . . which is a violation of federal law." *Id.* Plaintiff indicated in an Opposition to Defendants' Motion to Dismiss the Third Amended Complaint -- not in the Third Amended Complaint itself -- that Plaintiff "decided to question [Defendant] [by sending a] notice and demand for full disclosure . . . including TILA Request and RESPA complaint Dispute and validation of debt, With Declaration of Rescission of signature[.]" Doc. No. 20 at 5, ¶ 13. Plaintiff claimed that Defendants had not provided certain disclosures, even after requests in 2010: "[Plaintiff] was never given disclosure of right to cancel and notification of rescission[.]" *Id.* ¶ 15. "[D]efendant failed to disclose to [Plaintiff] the true nature of the alleged loan process[.]" *Id.* ¶ 17.

> Edgar Tesoro and [D]efendant never disclosed to [Plaintiff] that what was being created was not a loan mortgage contract, but [an] investment contract and Edgar Tesoro did not disclose to [Plaintiff] that he was not my broker but he was [Defendant's] broker, Edgar Tesoro charged me a brokers fee on the mortgage contract he gave no notice to rescind the contract and he did not put the brokers fees on the closing papers or closing statement [D]efendant must assume their own liability.

*Id.* ¶ 19.

Most of the facts as argued by Plaintiff, however, were not clearly set forth, if at all, in the Third Amended Complaint. The court stated that it would

treat the Opposition as an indication of the type of factual allegations that could be alleged in a Fourth Amended Complaint. Doc. No. 33 at 11.

The Third Amended Complaint also cited (in an unclear manner) various sections of TILA; RESPA; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; Hawaii Revised Statutes chapter 480; and a variety of other confusing and unrelated allegations regarding inapplicable sections of the Uniform Commercial Code (Doc. No. 10 ¶¶ 8-9, 13, 18-20) and "violations of securities exchange Act of 1933-34 section 11, section 12(2) Section 17(a) Section 24, and securities and Exchange Act of 1994 Section 10(b) Rule 10b-5 Section 18(a) Section 32(a) FCPA." *Id.* ¶ 30.

Defendants filed a Motion to Dismiss the Third Amended Complaint, asserting it was vague, ambiguous, verbose, and incomprehensible and thus violated Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 13. In a Reply, Defendants also asserted that, to the extent the Third Amended Complaint was asserting claims under TILA, RESPSA, or the Home Owners Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1641(d), such claims were time-barred. Defendants' Reply also argued that Plaintiff did not allege sufficient facts to invoke the doctrine of equitable tolling. Doc. No. 22 at 8.

The court, however, deemed arguments regarding statutes of

limitations to be premature -- Plaintiff's claims were not clear and it was also uncertain whether Plaintiff was asserting equitable tolling.[3] Rather, the court dismissed the Third Amended Complaint because it failed to satisfy Rules 8, 9(b), and 12(b)(6). Doc. No. 33 at 11-12. The court instructed Plaintiff that any Fourth Amended Complaint must make basic factual allegations in sufficient detail to state a "plausible" claim and that it must clearly set forth separate counts for each cause of action. *Id.* at 12. Plaintiff was informed that he should explain how specific facts create a plausible claim in reference to a specific statute or common-law cause of action. *Id.* Plaintiff was also notified that an amended complaint supercedes the prior complaint, and that "the Fourth Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record." *Id.* at 13.

**B.    The Fourth Amended Complaint**

After dismissal of the Third Amended Complaint, Plaintiff filed the Fourth Amended Complaint. Doc. No. 36. Plaintiff now focuses specifically on the alleged lack of disclosure. There are no allegations regarding foreclosure proceedings, and Plaintiff does not specifically seek rescission of any loan

---

[3] It was not even clear whether Plaintiff was making a TILA, RESPA, or HOEPA claim in the first place.

transactions. It asserts both federal question and diversity of citizenship as bases for federal jurisdiction. *Id.* at 2-3.

Notably, the Fourth Amended Complaint again[4] lists Tesoro as a Defendant in the caption, and it often alleges claims against "Defendants, and specifically Defendant Broker Edgar Tesoro." *E.g.*, Doc. No. 36 at 9, 10, 13. The court thus treats Tesoro as a separate Defendant. Although Plaintiff purports to invoke diversity of citizenship as an alternate basis of jurisdiction, the Fourth Amended Complaint makes no allegations regarding Tesoro's citizenship or domicile.[5] Federal subject matter jurisdiction thus cannot be based on diversity of citizenship. *See, e.g.*, *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (indicating that "[a] plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction" and therefore "the existence of diversity jurisdiction must be sufficient on the face of the complaint") (citation omitted); Fed. R. Civ. P. 8(a)(1) (providing that a complaint "must contain . . . a short and plan statement of the grounds for the court's jurisdiction"); *Kanter v. Warner-*

---

[4] Tesoro was named in the original Complaint, but was omitted as a Defendant in the Third Amended Complaint.

[5] Plaintiff also makes no allegations regarding the citizenship of Defendant Wells Fargo Home Mortgage of Hawaii, LLC, and its citizenship for purposes of diversity is not readily apparent.

*Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction [in a notice of removal].") (citation omitted). Thus, although it appears that the presence of Tesoro -- alleged to be a Wells Fargo manager in Kahului, Hawaii (Doc. No. 36 ¶ 4) -- destroys diversity of citizenship, Plaintiff has not in fact demonstrated complete diversity of citizenship in the Fourth Amended Complaint.

The Fourth Amended Complaint again indicates that Plaintiff entered into a refinancing transaction on June 4, 2003 with Wells Fargo (with Tesoro as broker and agent for Wells Fargo). Doc. No. 36 ¶ 7. Plaintiff also opened an equity line of credit on July 23, 2004. *Id.* ¶ 8. On January 26, 2010, Plaintiff "discovered that [w]e never had full disclosure and I became suspicious that the defendants were not dealing fairly with the plaintiff." *Id.* ¶ 10. Plaintiff "decided to question the defendant by sending a Notice and demand for full disclosure . . . and Revocation of Deed of Trust with a rescission of the loan, RESPA letter and TILA requesting full disclosure[.]" *Id.* ¶ 11.

On February 6, 2010, "Plaintiff made a second request for the same information only to receive a reply that my rescission was refused and the statute

of limitations has elapsed[.]" *Id.* ¶ 12. While waiting for disclosure, "Plaintiff found overcharges and hidden undisclosed charges by broker Edgar Tesoro[.]" *Id.* ¶ 14; *see also id.* ¶ 22 (alleging that Tesoro "failed to disclose fees and charges"). "Plaintiff was never given disclosures of right to cancel and notification of rescission[.]" *Id.* ¶ 14; *see also id.* ¶ 24 ("Tesoro [] never told the plaintiff that he had a right to rescission.").

The Fourth Amended Complaint further alleges "Defendant Edgar Tesoro and defendants never disclosed to plaintiff that what was being created was not a loan mortgage contract, but a[n] investment trust contract[.]" *Id.* ¶ 15. "Edgar Tesoro did not disclose to plaintiff that he was not my broker but he was the defendants broker. Edgar Tesoro charged me a broker[']s fee [without disclosure]." *Id.*; *see also id.* ¶ 23 (asserting that Tesoro "failed to fully disclose that he was the defendant's broker and not the plaintiff's").

Plaintiff indicates he had requested (1) disclosure of "the terms and execution of the Loan," (2) "The original promissory note[,]" (3) "All bookkeeping journal entries associated with the Loan," (4) "The deed of trust[,]" (5) "The insurance policy on Customer's promissory note[,]" (6) "The Call Reports for the period covering the Loan," (7) "The deposit slip for the deposit of the Customer's promissory note[,]" (8) "The order authorizing the withdrawal of funds[,]" (9)

9

"The account number from which the money came to fund the check given to the Customer[,]" (10) "Verification that Customer's promissory note was a free gift to the Lender from the Customer," (11) "The name and address of the current holder of the Customer's promissory note," and (12) "The name and address of the Lender's CPA and Auditor[.]" *Id.* ¶ 18.

The Fourth Amended Complaint asserts the following causes of action: (1) "Failure to Provide Full Disclosure 15 U.S.C. §§ 6802 Obligations with Respect to Disclosures of Personal Information," (2) Breach of Fiduciary Duty, (3) Breach of Implied Covenant of Good Faith and Fair Dealing, (4) Breach of Contract, (5) Tortious Interference with Contractual Relations, (6) Intentional and/or Negligent Misrepresentation, (7) Malicious, Wanton and Intentional Actions, and (8) Declaratory Relief. Doc. No. 36 at 9-15. The prayer for relief requests: (1) special, general, incidental and consequential damages, (2) punitive and/or exemplary damages, (3) pre-judgment and post-judgment interest, (4) declaratory relief, (5) costs, including reasonable attorneys' fees; and (6) an "order to produce the documentation requested herein." *Id.* at 15.

///

///

///

C. **Procedural Background**

Plaintiff filed the Fourth Amended Complaint on December 14, 2010. Defendants filed their Motion to Dismiss on January 4, 2011. The matter had been set for hearing on March 28, 2011, but Plaintiff did not file an Opposition. The hearing was vacated, and the court finds the Motion suitable under Local Rule 7.2(d) for decision without an oral hearing.

### III. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."
*Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1950.

Because Plaintiff is proceeding *pro se*, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969), and indicating dismissal

may be made *sua sponte*)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

## IV. DISCUSSION

### A. Federal Claim

Plaintiff asserts a violation of 15 U.S.C. § 6802, which is the Gramm-Leach-Bliley Financial Modernization Act ("GLBA") -- a federal law regarding obligations of certain financial institutions "to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Section 6802 provides that "a financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with section 6803 of this title." This law, however, does not address the alleged non-disclosures of mortgage-related information at issue in the Fourth Amended Complaint.

In any event, even if Defendants violated the GLBA, there is no private cause of action to enforce its terms. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA."); *Nicholas Homes, Inc. v. M & I Marshall & Ilsley Bank, N.A.*, 2010 WL 1759453, at *2 (D. Ariz. April 30, 2010) ("Congress did not provide for a private cause of action under the GLBA"); *Bowler v. Green Tree*

*Servicing, LLC*, 2011 WL 320398, at *3 (E.D. Cal. Jan. 28, 2011) ("By its terms, however, the [GLBA] does not create a private cause of action, nor is one implied.").

Accordingly, Count I is DISMISSED.[6] Given the number of times the court has permitted Plaintiff to amend his Complaint, and because further amendment would be futile, this dismissal is with prejudice.

---

[6] Despite mentioning TILA and RESPA in the factual section of the Fourth Amended Complaint, Plaintiff has not asserted a claim under either statute. The court therefore construes the Fourth Amended Complaint as not alleging claims for violations of these statutes. *Cf. Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.") (citations omitted). As described above, Defendants had argued previously that such claims were time-barred. Plaintiff may have therefore declined to assert a TILA or RESPA claim in the Fourth Amended Complaint because of those prior arguments.

In any event, to the extent Plaintiff could have asserted a TILA or RESPA (§ 2607) claim, the court agrees that such claims would be time-barred. Any claim for damages under TILA must be commenced within one year following the date of the alleged violation. 15 U.S.C. § 1640(e). The date of violation is generally when the transaction was consummated -- which is June 4, 2003 under Plaintiff's allegations. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Any TILA claim for damages should have been brought by June 4, 2004. And, despite three prior chances, there are no facts pled that would indicate equitable tolling could apply. Likewise, any claim for rescission under TILA must have been brought within three-years of consummation (assuming a lender failed to provide certain "material disclosures"). *See* 15 U.S.C. § 1635(f).

Similarly, a RESPA claim would also be time-barred. Assuming Plaintiff was making a claim under 12 U.S.C. § 2607, such a claim must have been brought within one year "from the date of the occurrence of the violation," 12 U.S.C. § 2614, which here is the date the subject loan closed -- June 3, 2003. *See In re Cmty. Bank of N. Va.*, 622 F.3d 275, 281 (3d Cir. 2010) (interpreting "from the date of the occurrence of the violation" as "the date the loan closed"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) (explaining that "courts have considered the 'occurrence of the violation' as the date the loan closed"). A RESPA claim under § 2607 based on the 2003 loan transaction expired in June 2004. And, again, there are no facts pled indicating any basis for equitable tolling.

15

### B. Supplemental Jurisdiction

Given the court's dismissal of the federal claim, the only claims remaining are state law claims over which the court has only supplemental jurisdiction. (There is no basis in the Fourth Amended Complaint for diversity jurisdiction.) Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Because state courts have the primary responsibility for developing and applying state law, "the values of judicial economy, convenience, fairness and comity" do not favor retaining jurisdiction in this case. *See Acri*, 114 F.3d at 1001 (providing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ.*,

484 U.S. at 350 n.7)); *Curiel v. Barclays Capital Real Estate Inc.*, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (reasoning that "primary responsibility for developing and applying state law rests with the state courts" and -- after dismissing TILA and RESPA claims -- declining to exercise supplemental jurisdiction over state law claims for negligence, breach of fiduciary duty, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and California Civil Code sections); *Anderson v. Countrywide Fin.*, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 16, 2009) (finding that "the *Gibbs* values do not favor continued exercise of supplemental jurisdiction" after resolving TILA and RESPA claims).

Therefore, the court declines to continue exercising supplemental jurisdiction over the state law claims alleged in Plaintiff's Fourth Amended Complaint. The claims are matters for state courts. Moreover, judicial economy does not favor retaining jurisdiction. The action in this court has not proceeded past the initial pleading stages -- Defendants have yet to file an Answer and the court has not resolved any substantive matters. *See Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice."); *Castaneda v. Saxon*

17

*Mortg. Servs., Inc.*, 2010 WL 2303246, at *1 (E.D. Cal. June 7, 2010) (declining to exercise supplemental jurisdiction and reasoning, in part, that "while it has been over a year since plaintiffs filed their original Complaint in federal court, the case has yet to progress beyond the motion to dismiss stage"); *Pica v. Wachovia Mortg.*, 2010 WL 2555634, at *1 (E.D. Cal. June 21, 2010) ("Since this lawsuit has not proceeded past the pleading stage, continued exercise of supplemental jurisdiction over the state law claims serves no efficiency interest.") (quotation marks and citation omitted).

In short, judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiff's state law claims.

## V. **CONCLUSION**

Accordingly, Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Home Mortgage of Hawaii, LLC, and Edgar Tesoro's Motion to Dismiss is GRANTED. The court DISMISSES the federal claim under 15 U.S.C. § 6802 with prejudice. There being no other federal claims and no other basis for federal jurisdiction, the court declines to assert supplemental jurisdiction over the

///

///

///

remaining state law claims. The state law claims are dismissed without prejudice.

The Clerk of Court is directed to terminate this action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, April 8, 2011.



        /s/ J. Michael Seabright
        _____
        J. Michael Seabright
        United States District Judge

*Liu v. Wells Fargo Home Mortg. Inc.*, *et al.*, Civ. No. 10-00324 JMS/KSC, Order Granting Defendants' Motion to Dismiss Fourth Amended Complaint, and Terminating Action